**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Lynn Pember,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-11-1600-PHX-SMM (LOA)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Magistrate Judge Lawrence O. Anderson's Report and Recommendation advising this Court that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 4) pursuant to 28 U.S.C. § 2254 be denied and dismissed with prejudice. (Doc. 23.) Petitioner has filed objections to the Report and Recommendation (Doc. 24), and Respondents have filed a Response (Doc. 27). After considering the Report and Recommendation and the arguments raised in Petitioner's Objections thereto, the Court will deny Petitioner's objections and affirm Judge Anderson's Report and Recommendation.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452,

454 (9th Cir. 1983)).

## DISCUSSION[1]

Petitioner claims four grounds for relief in his Petition. (Doc. 4.) In Ground One, Petitioner alleges that the trial court violated his rights under the 5th, 6th, and 14th Amendments by dismissing a prospective juror outside of Petitioner's presence before voir dire. (Id.) In Ground Two, Petitioner alleges that the trial court violated his 5th, 6th, and 14th Amendment rights by requiring him to wear leg shackles during trial, and by not granting a mistrial after a juror heard Petitioner get handcuffed on one occasion. (Id.) In Ground Three, Petitioner alleges that his 5th, 6th, 8th, and 14th Amendment rights were violated due to both ineffective assistance of counsel ("IAC") on his direct appeal, and the court of appeals' rulings clarifying his sentence. (Id.) Finally, in Ground Four, Petitioner alleges that the trial court violated his 5th, 6th, 8th, and 14th Amendment rights by amending its sentencing minute entry to require that Petitioner perform community service following his release, without giving notice to Petitioner. (Id.)

After conducting a thorough legal analysis, the Magistrate Judge concluded that Petitioner's claims are all procedurally barred or without merit. (Doc. 23.) As to Ground One, the Magistrate Judge determined that to the extent Petitioner was raising federal claims which he did not properly present to the state court, Petitioner's claims were procedurally barred. (Id.) Reviewing the portion of Petitioner's claims in Ground One which were not barred, the Magistrate Judge concluded that the claims were without merit. (Id.) The Magistrate Judge came to the same conclusions as to Petitioner's claims in Ground Two. (Id.)

As to Ground Three, the Magistrate Judge determined that Petitioner's claim of IAC was procedurally barred, based on adequate and independent state law grounds. (Id.) The Magistrate Judge similarly concluded that Petitioner's claim concerning the court of appeals' ruling was procedurally barred because Petitioner failed to properly present it to the state courts. (Id.)

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 23).

1    Finally, the Magistrate Judge concluded that Petitioner's claim in Ground Four was
2 procedurally barred because it was rejected in the state court on adequate and independent
3 state law grounds, in that Petitioner failed to raise the claim on direct appeal. (Id.)

4    Petitioner raises objects to the Report and Recommendations, which are identified and
5 discussed as follows. (Doc. 27.)

6    **A.    Petitioner's Objections to Procedural Bar of Ground Three Claims**

7    Petitioner contends that his two claims in Ground Three are not procedurally barred.
8 (Doc. 27.) As to his IAC claim, Petitioner contends that he raised the claim in his first
9 petition for post-conviction relief ("PCR") in state court, and tried to raise it again in his
10 second petition for PCR. (Id.) Petitioner's argument fails: Petitioner's claim was procedurally
11 defaulted because he failed to properly present this issue as a federal claim in state court, and
12 because he raised the issue for the first time in his reply brief. (Doc. 23 at 11-12.) Similarly,
13 because Petitioner defaulted his IAC claim in his first petition for PCR, the claim was found
14 procedurally defaulted during his second petition for PCR. (Id. at 12; See ARIZ. R. CRIM. P.
15 32.2(a)(3).)

16    As to his Ground Three claim that the court of appeals' ruling clarifying his sentence
17 violated his rights under the federal constitution, Petitioner submits again that he did raise
18 the issue properly in state court, and thus that the claim should not be procedurally barred.
19 (Doc. 24.) The Court disagrees. Petitioner did not ask the appellate court for reconsideration
20 which led the PCR court to procedurally default this claim on independent and adequate state
21 law grounds when he tried to raise it later in his petition for PCR. (Doc. 23 at 12.)

22    **B.    Petitioner's Objection to Procedural Bar of Ground Four Claim**

23    Petitioner contends similarly that his claim in Ground Four is not procedurally barred
24 because he properly raised the issue in his first petition for post-conviction relief. (Doc. 27.)
25 Petitioner failed to raise this sentencing issue on direct appeal which caused the PCR court
26 to default this claim in his petition for PCR on independent and adequate state law grounds.
27 (Doc. 23 at 12.)

28

### C. Petitioner's Objections Common to All Grounds

Finally, Petitioner contends that as to all four of his grounds for relief, state court procedural defaults should be excused because he can establish cause and prejudice, and alternatively can establish that a fundamental miscarriage of justice will result. (Doc. 24.) Specifically, Petitioner contends that he personally did not have adequate access to records from his trial for several years after his conviction, which caused the procedural defaults. (Doc. 24.) Petitioner fails however to establish that sufficient objective, external factors impeded his efforts to comply with the state's procedural rules. See Smith v. Murray, 477 U.S. 527, 533 (1986). Thus, the Magistrate Judge properly concluded that Petitioner could not show sufficient cause to excuse his procedural defaults. (Doc. 23 at 13.)

Similarly, Petitioner fails to show that the procedural defaults would result in a fundamental miscarriage of justice. To establish that a "fundamental miscarriage of justice" would result, a petitioner must present evidence showing that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." See Schlup v. Delo, 513 U.S. 298, 327 (1995). While Petitioner objects to the Magistrate Judge's determination that Petitioner cannot make this showing, Petitioner fails to support his objection with anything beyond his conclusory allegation that he was found guilty based on perjured testimony and a conspiracy involving the state and the Sheriff's Office. (Doc. 24 at 7-8.) The Court finds that the Magistrate Judge properly concluded that Petitioner has not established a fundamental miscarriage of justice, in order to excuse his defaults. (Doc. 23 at 13-14.)

Therefore, having reviewed the legal conclusions of the Report and Recommendation of the Magistrate Judge, and the objections made by Petitioner thereto, the Court finds that the Magistrate Judge adequately addressed all of Petitioner's arguments. Petitioner's objections fail to counter the factual and legal conclusions of the Magistrate Judge which mandate application of procedural bars to Petitioner's claims.

Finally, the Magistrate Judge reviewed those portions of Petitioner's Grounds One and Two which were not procedurally barred, and concluded that the claims were without merit. (Doc. 23 at 17-27.) Petitioner does not articulate any objection to this portion of the

Magistrate Judge's factual or legal determinations, and after review the Court finds that the Magistrate Judge properly concluded that those portions of Petitioner's claims which are not barred are nonetheless without merit, and thus should be denied.

Therefore, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation. (Doc. 23.)

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge (Doc. 23).

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because dismissal is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 3rd day of October, 2012.

_____
Stephen M. McNamee
Senior United States District Judge